IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DANNY WISNER, | |
|         Plaintiff, | No. 14-CV-4031-DEO |
| v. | ORDER ON MOTION TO DISMISS |
| CITY OF SIOUX CITY, BOB SCOTT, JOHN FITCH, BRIDEY HAYES, JADE DUNDAS, BRIAN FAHRENDHOLZ, BRAD BALDWIN, and PATRICK SIMONS | |
|         Defendants. | |

———————————————

## I. INTRODUCTION

Currently before this Court is Defendant City of Sioux City's [hereinafter the Defendants] Motion(s) to Dismiss, Docket Nos. 12 and 13.[1][2]  After listening to the parties' arguments and considering the various filings, the Court took the issues under advisement and now enters the following.

————————————

[1] The various Defendants present a unified argument, so for convenience sake, they will be referred to collectively as the Defendants.

[2] The Motions to Dismiss, Docket Nos. 12 and 13, present duplicate arguments.  The Court will refer to them collectively as the Motion to Dismiss.

## II.  BACKGROUND

At this stage of the case, few facts are before the Court.  But the following outline of the case is clear based on the parties' filings.

The Plaintiff, Mr. Wisner, began working as a fire-fighter for the City of Sioux City in 1991.  In 2004, Plaintiff was determined to be unable to continue his duties as a firefighter due to a heart condition and was awarded a disability retirement pursuant to I.C.A. Chapter 411.[3]  In 2011, the Plaintiff applied for employment with the City as a "maintenance worker" in the Field Services Department.  Mr. Wisner passed the civil service examinations and was placed on the hiring list.  Plaintiff was offered a maintenance worker position conditioned on the results of a pre-employment

---

[3]  I.C.A. Chapter 411 creates a special retirement program for Iowa fire-fighters and police officers.  That section's purpose is to "[p]rovide an orderly means for police officers and fire fighters to have a retirement system which will provide for the payment of pensions to retired members and members incurring disabilities, and to the surviving spouses and dependents of deceased members [and]  [p]rovide a comprehensive disability program for police officers and fire fighters to include standards for entrance physical examinations, guidelines for ongoing fitness and wellness, disability pensions, and postdisability retirement compliance requirements."  I.C.A. § 411.1A.

physical which he passed without restriction.  The City hired Ms. Wisner as a probationary employee on or about November 14, 2011.  However, after he started working, the City had numerous issues with his work performance.  Specifically, it was alleged that Mr. Wisner did not meet the performance expectations for the position, that he lacked motivation to learn the job responsibilities and assignments of the position, and that he required a great deal of direct supervision to keep him motivated.  Approximately six months after starting work as a maintenance worker, the City terminated Mr. Wisner's employment.

The Plaintiff asserts a number of claims arising out of his termination.  First, in Count I, Mr. Wisner alleges that the Defendants committed defamation.  In Count II, Mr. Wisner alleges a breach of good faith.  In Count III, Mr. Wisner alleges that he was discriminated against because he was perceived as "double dipping" for receiving a disability pension while employed as a maintenance worker.  Mr. Wisner grounds his legal claim in Count III in the American's with Disabilities Act.  Finally, in Count IV, Mr. Wisner alleges retaliation under I.C.A. § 216.

## III.  MOTION TO DISMISS STANDARD

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief."  In order to meet this standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cole v. Homier Distrib. Co. Inc., 599 F.3d 856, 861 (8th Cir. 2010).  Furthermore, courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (internal citation omitted).  This inquiry is "a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 664.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal alterations and citations omitted). Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility," it is not a "probability requirement." <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely," <u>Id.</u>

In assessing "plausibility," as required by the Supreme Court in <u>Iqbal</u>, the Eighth Circuit Court of Appeals has explained that courts should consider only the materials that are necessarily embraced by the pleadings and exhibits

5

attached to the complaint.  See <u>Mattes v. ABC Plastics, Inc .</u>, 323 F.3d 695, 697 n. 4 (8th Cir. 2003), stating that "in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint.  <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999).  The Court may also consider "materials that are part of the public record or do not contradict the complaint." <u>Miller v. Redwood Toxicology Lab., Inc.</u>, 688 F.3d 928, 931 (8th Cir. 2012).  "A more complete list of the matters outside of the pleadings that a court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." <u>Van Stelton v. Van Stelton</u>, 11-CV-4045-MWB, 2013 WL 3776813 (N.D. Iowa 2013) (internal citations omitted).

## IV. ISSUES

Defendants' Motion to Dismiss raises two main issues. The Defendants' primary argument is that Mr. Wisner has failed to make a cognizable claim under the American's with Disabilities Act. Secondly, the Defendants argue that Mr. Wisner's various state law claims are insufficiently plead.

## V. ANALYSIS

### A. Disability Claim

The Americans with Disabilities Act (ADA), including changes made in the ADA Amendments Act of 2008 (ADAAA), prohibits an employer from discriminating against a qualified employee on the basis of the employee's disability in regard to job application procedures, the hiring, advancement, or discharge of the employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a); <u>Tusing v. Des Moines Indep. Community Sch. Dist.</u>, 639 F.3d 507, 518 (8th Cir. 2011). Pursuant to the ADA, to establish a discrimination claim, an employee must show that he (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of [his]

disability.  <u>E.E.O.C. v. Prod. Fabricators, Inc.</u>, 2014 WL
3971477, 23 (8th Cir. 2014).  "A 'qualified individual with a
disability' is 'an individual with a disability who, with or
without reasonable accommodation, can perform the essential
functions of the employment position that such individual
holds or desires.'  42 U.S.C. § 12111(8)."  <u>Young v.
Warner-Jenkinson Co.</u>, 152 F.3d 1018, 1021 (8th Cir. 1998).
When no direct evidence of discrimination is put forward, a
discrimination claim is analyzed under the burden-shifting
framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411
U.S. 792, 802-03 (1973) and its progeny.  <u>Young</u>, 152 F.3d at
1021.  Under the burden-shifting analysis of <u>McDonnell
Douglas</u>, a plaintiff must first establish a prima facie case
of discrimination.  If the plaintiff does so, the burden
shifts to the employer to articulate a legitimate
non-discriminatory reason for the adverse employment decision.
<u>Id.</u>  If the employer provides such a reason, then the burden
shifts back to the plaintiff to present evidence that the
employer's reason was mere pretext.

In his Complaint, Mr. Wisner alleges:

> Defendant knowing[ly] participated in or
> had knowledge of discrimination of
> Plaintiff due to his disability which he is
> protected under the ADA Title VII. All
> Defendants had knowledge of Plaintiff's
> disability pension from MFPRSI and all
> participated in discriminating against
> Plaintiff for such. Instead of Defendants
> taking appropriate action, [they] chose to
> facilitate Plaintiff's termination.

Docket No. 1, p. 22.

As stated above, there are three elements to a prima
facie ADA claim. In this case, the Defendants argue that Mr.
Wisner has failed to allege either of the first two elements
to the prima facie claim.[4] In its brief, the Defendants argue
that:

> [t]he Plaintiff is not a disabled person
> within the meaning of the statute,
> specifically Plaintiff passed the physical
> examination for the position as a
> maintenance worker. Plaintiff has never
> claimed in his complaint [] filed with the
> ICRC or with this Court that any
> "disability" prevented him from performing
> the essential functions of the position or
> prevented him from meeting the minimum
> expectations for the position. Plaintiff
> further did not at any time request any
> accommodation to meet the minimum

---

[4] It is clear Mr. Wisner did suffer an adverse employment
action, he was fired, which is the third element.

> expectations for the position. Plaintiff's
> claims regarding disability discrimination
> are based upon claims that his termination
> was sought as a result of the perception
> that he was "double dipping" and not upon
> any specific age or disability related
> factors. Plaintiff's claims in the
> Petition are that he was discriminated
> against for "double dipping", i.e. drawing
> a pension from MFPRSI is not a recognizable
> claim under the ADA, Title VII or ADEA.

Docket No. 12, Att. 2, p. 6-7. The Defendant is correct. Mr. Wisner fails to allege either a cognizable disability or that he is a qualified individual.

Mr. Wisner admits as much in his brief:

> Plaintiff has never attempted to use his
> disability as a crutch or to expect special
> treatment from an employer. Plaintiff was
> only looking for a job with benefits. The
> Defendants however, have made an issue of
> Plaintiff's disability pension...
> Defendants claim is Plaintiff does not meet
> disability by definition but yet terminated
> him because he is receiving a disability
> pension.

Docket No. 17, Att. 1, p. 6. Mr. Wisner's theory of his case is simple. He believes he was terminated because the Defendant did not like him working for the City of Sioux City, while also receiving an unrelated government pension.

The burden to survive a Motion to Dismiss is low. A plaintiff must only allege a plausible cause of action. However, in this claim, Mr. Wisner has failed to do so. Even if the Defendants did exactly what Mr. Wisner say, fired him because he was receiving a different disability pension, that does not violate the ADA. As stated above, to make an ADA prima facie case, the Plaintiff must allege a disability and then state he was qualified to do his job in spite of that disability. Mr. Wisner does not allege that an actual disability figured in, in any way, to the Defendants' decision to fire him. Rather, Mr. Wisner contends that he was fired because the Defendants objected to him working while receiving a separate disability pension. That is not the type of claim contemplated by the ADA. Accordingly, Mr. Wisner has failed to allege a prima facie ADA case. The Defendants' Motion to Dismiss Plaintiff's Count III is granted.

The Defendants also argue that even if Mr. Wisner's claims could otherwise survive, the ADA does not create a cause of action against individual supervisors. The Defendants' allegation on this point is certainly true. As is noted in the Defendant's brief, it is well settled law that

ADA claims can only be brought against actual employers. See Fish v. Ristvedt, 192 F. Supp. 2d 1024, 1028 (D.N.D. 2002), where Judge Webb analyzes this issue. Accordingly, even if Mr. Wisner's claim could proceed, all non-employer Defendants would be dismissed.

Mr. Wisner also makes a claim, Count IV, under I.C.A. § 216, which is the Iowa Civil Rights Act [hereinafter ICRA]. In Count IV, Mr. Wisner (again) argues that the Defendant discriminated against him because he was receiving a disability pension from the fire-fighter's fund and that other pension was the Defendant's pretext for firing Mr. Wisner. Both in his Complaint, Docket No. 1, and in his brief, Docket No. 17, Att. 1, Mr. Wisner relies on the same arguments to support his I.C.A. § 216 claim as he did to support his ADA claim.

"[D]iscrimination claims alleged under the Iowa Civil Rights Act are analyzed in the same manner as their federal law counterparts." Montgomery v. John Deere & Co., 169 F.3d 556, 558 n. 3 (8th Cir. 1999). Because Mr. Wisner failed to allege a prima facie discrimination case above, his case under

I.C.A. § 216 also fails and the Defendants' Motion to Dismiss must be granted.

**B.  State Law Claims**

In Count I, Mr. Wisner alleges the tort of defamation. Specifically, Mr. Wisner argues that after the Defendants terminated him, he was forced to put the fact that he was terminated on job applications.  See Docket No. 1, p. 19, and Docket No. 17, Att. 1, p. 5.  He alleges that forcing him to report he was terminated amounts to defamation.

Torts in Federal Court are controlled by state law. Under Iowa law, defamation:

> is an impairment of a relational interest; it denigrates the opinion which others in the community have of the plaintiff and invades the plaintiff's interest in his reputation and good name.  A cause of action for defamation is based on the transmission of derogatory statements, not any physical or emotional distress to plaintiff which may result.  Defamation law protects interests of personality, not of property.

<u>Kiesau v. Bantz</u>, 686 N.W.2d 164, 175 (Iowa 2004) (quoting <u>Schlegel v. Ottumwa Courier</u>, 585 N.W.2d 217, 221 (Iowa 1998)). Defamation under Iowa law consists of the "twin torts" of "libel" and "slander," where "libel" is defined as malicious

publication, expressed either in printing or in writing, or by signs and pictures, tending to injure the reputation of another person or to expose the person to public hatred, contempt, or ridicule, or to injure the person in the maintenance of the person's business, and "slander" is defined as oral publication of defamatory material. <u>McFarland v. McFarland</u>, 684 F. Supp. 2d 1073, 1086 (N.D. Iowa 2010). In order to establish a prima facie case of defamation, the plaintiff must prove that the defendants: (1) published a statement that (2) was defamatory (3) of and concerning the plaintiff, and (4) resulted in injury to the plaintiff. See <u>Bertrand v. Mullin</u>, 846 N.W.2d 884, 891 (Iowa 2014).

The Defendants argue, and the Court agrees, that Mr. Wisner has failed to state a claim for defamation. Mr. Wisner fails to allege any type of publication of alleged defamation.[5] Even if Mr. Wisner's allegations were true, and then Defendants did terminate him for an unlawful reason,

---

[5] Mr. Wisner does not explicitly state what the alleged defamation is. Mr. Wisner seems to suggest that the defamation is forcing him to report to potential employers that he was terminated. But that statement is true; Mr. Wisner was terminated, and he admits as much. And truth is a defense to defamation.

there is absolutely no allegation that the Defendants communicated the news of Mr. Wisner's termination to anyone.

As the Defendants point out, other Courts have considered this type of issue. As stated in Defendants' brief:

> Plaintiff bears the burden of proving publication as one of the elements of defamation. <u>Higgins v. Gordon Jewelry Corp.</u>, 433 N.W.2d 306 (Iowa App. 1988). Paragraphs 1 through 104 [of the Complaint] do not provide any factual basis that the personnel evaluations or termination memorandum were communicated by anyone with the possible exception of the Plaintiff to any third parties as required for recovery. An employee's firing is not inherently defamatory and for an action for defamation to proceed there must be publication by the employer of unprivileged and defamatory commentary about the employee to a third party. <u>Huegerich v. IBP, Inc.</u>, 547 N.W.2d 216 (Iowa 1996). The statement or statements in order to be actionable must be communicated to a third party and not simply be a matter of communication between the employer and employee. See <u>McBride v. City of Sioux City</u>, 444 N.W.2d 85 (Iowa 1989). There is no factual support for or claim of communication by the City or any of the named representatives...

Docket No. 12, Att. 2, p. 4.

Because Mr. Wisner does not allege any publication of the alleged defamation, he has failed to state a claim for defamation. Accordingly, the Court must grant the Defendants' Motion to Dismiss Count I.

In Count II, the Plaintiff alleges the Defendants breached a good faith duty. Specifically, Mr. Wisner states that the Defendants repeatedly changed his work duties and work times in an effort to either make him quit or manufacture a performance deficiency.

Unfortunately, Iowa law does not recognize a 'good faith duty' tort in the employment context. As the Iowa Supreme Court has stated:

> [plaintiff] next urges us to recognize a claim for breach of good faith and fair dealing, claiming that, as an employer, [defendant] is expected to follow its policies in good faith. In Iowa, the tort of breach of implied covenant of good faith and fair dealing has never been recognized in the employment context. Grahek v. Voluntary Hosp. Co-op. Ass'n of Iowa, Inc., 473 N.W.2d 31, 34 (Iowa 1991). In recent years, we have continued to reject the doctrine... We see no reason to reconsider our position.

Phipps v. IASD Health Servs. Corp., 558 N.W.2d 198, 204 (Iowa 1997) (some internal citations omitted).

Because there is no such tort in Iowa, Mr. Wisner's Count II fails as a matter of law and the Court must grant the

Defendants' Motion to Dismiss.[6]

**VI.  CONCLUSION**

For the reasons set out above, the Defendants' Motion(s) to Dismiss, Docket Nos. 12 and 13, are granted.  Mr. Wisner's pro se Complaint, Docket No. 1, is dismissed.

**IT IS SO ORDERED** this 20th day of March, 2015.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---